UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-115-KKC-1 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| TIRELL DASHAWN MATLOCK, | |
| Defendant. | |

**\*\*\* \*\*\* \*\*\***

Defendant Tirell DaShawn Matlock pleaded guilty, on February 7, 2019, to conspiring to distribute 100 grams or more of heroin and fentanyl in violation of § 21 U.S.C. §§ 841(a)(1) and 846. (DE 232). The Court sentenced Matlock to a total term of imprisonment of 66 months, with four years of supervised release. (DE 323).

Matlock previously filed two motions for compassionate release, expressing fear of contracting the novel coronavirus while incarcerated. (DE 358 & 360). The first motion was denied because it was brought by Matlock's family member. (DE 359). In its denial, the Court explained that the motion would not be considered because it was brought by Defendant's family member. (*Id.*). In the second motion, Matlock asserted that he suffers from several medical conditions; including chronic asthma, obesity, and hypertension. (DE 360). He further added his desire to take care of his father, as his sole caregiver, and expressed frustration at his facility's inability to take adequate COVID-19 precautions. (DE 360). Ultimately, the second motion was denied because Matlock's stated medical and familial reasons did not rise to the level of "extraordinary and compelling reasons" warranting release under 18 U.S.C. § 3582(c)(1)(A), as they did not fall under the listed

examples in the United States Sentencing Guideline's pertinent policy statement, § 1B1.13 cmt. n.1. (DE 361).

In his newest motion, Matlock resubmits that he is obese and explains that he suffers from chronic asthma and hypertension. Furthermore, Matlock states that he is "pre-diabetic" and asks the Court to consider his race as exacerbating the risk of contracting COVID-19. (DE 375 at 12). In opposition, the United States asserts that denial is appropriate here, since the motion offers "no new evidence" nor asserts that "any manifest error of law" was committed; moreover, that "Matlock was aware of his blood sugar levels and his pre-diabetic status before he filed his first motion in August 2020." (DE 377 at 2-3).

Title 18 of the United States Code, section 3582(c), provides that the Court may modify a term of imprisonment for "extraordinary and compelling reasons." And certain medical conditions can serve as extraordinary and compelling reasons in limited circumstances. More specifically, a defendant may be able to obtain compassionate release under the "medical condition of the defendant" category in circumstances where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A).

As this Court previously stated, Matlock's underlying health conditions in conjunction

with the COVID-19 pandemic are insufficient to meet the criteria set forth in United States Sentencing Guidelines § 1B1.13 n.1(A). Matlock's conditions are not terminal, and they do not substantially diminish his ability to provide self-care while incarcerated.

Accordingly, it is hereby ORDERED that Defendant Tirell DaShawn Matlock's construed motion to reconsider the denial of his compassionate release motion (DE 375) is DENIED

Dated November 19, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY