**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION – LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:17-115-KKC-1** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **TIRELL DASHAWN MATLOCK,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

Defendant Tirell DaShawn Matlock pleaded guilty on February 7, 2019 to conspiracy to distribute 100 grams or more of heroin and fentanyl in violation of § 21 U.S.C. §§ 841(a)(1) and 846. (DE 232). He was sentenced to 66 months of imprisonment with four years of supervised release. (DE 323). Matlock has now filed his fourth motion for a modification in sentence under 18 U.S.C. § 3582(c)(1)(A). (DE 404). Alternatively, he seeks to be released on home confinement. For the reasons that follow, his motion is **denied**.

Title 18 of the United States Code, section 3582(c), provides for a limited exception to when a Court may modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, PL 115-391, 132 Stat. 5194 (Dec. 21, 2018). However, in order for this judicial modification to occur, the following must be met: (1) the defendant must first exhaust all administrative remedies with the BOP *or* at least allow the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) the defendant must demonstrate that extraordinary and compelling reasons warrant such a reduction; and (3) the court must consider the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. In a previous filing, the United States conceded that Matlock had waited the requisite 30 days after his request to the warden was denied before he filed another motion. (*See* DE 362 at 1). Accordingly, the Court has jurisdiction to consider the current motion.

Under the applicable provision of Section 3582(c)(1)(A), the Court may grant a reduced term of imprisonment only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define what it means to be *extraordinary* and *compelling*, but the commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

In this motion, Matlock's expresses generalized concerns regarding contracting the COVID-19 Delta variant, even though there is no evidence that this variant is (or has been) present in his facility. (DE 404 at 2). Matlock does not assert any arguments which would demonstrate that his present concerns are different than any other defendant incarcerated during the COVID-19 pandemic. Further, even assuming it did, the Court must still consider the § 3353(a) factors and whether they support his request for release.

Matlock's criminal history shows a pattern of consistent drug abuse, with most of his transgressions involve narcotics. Indeed, his current conviction involves the distribution of large quantities of heroin (859 grams) and fentanyl (20 grams). Based upon the record before it, the Court cannot find that Matlock would not pose a danger to the safety of the community if he were to be released. Matlock's online BOP profile shows that he is projected to be released on April 16, 2022. Until then, he must focus on his journey to rehabilitation in order to ensure that he will lead a quality life upon his release.

Finally, to the extent that Matlock seeks to serve the remainder of his prison term on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

For these reasons, those listed at the time of sentencing, and in the Court's previous orders denying compassionate release, it is not appropriate to grant Matlock § 3582 relief. The Court hereby ORDERS that Defendant Tirell DaShawn Matlock's motion for compassionate release (DE 404) is DENIED.

Dated July 19, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY